Elijah Tomlinson *v.* Commonwealth.

R. D. Sebree *v.* Commonwealth.

B. S. Newton *v.* Commonwealth.

**Robbery — Examining Trial — Bond to Answer Indictment — Forfeiture — Recognizance Discharges former Bond.**

If a defendant appears in court in compliance with the bond executed in examining court and enters into a recognizance to appear at the next term of the Circuit Court, his former bond is discharged.

**Calling Defendant — Duty to be present.**

It is the duty of a defendant to be present in court and take notice of steps taken in his case and if he fails to appear in the court below and object to an order of forfeiture it will not be assumed that the order was erroneous because it does not recite that the defendant was called.

APPEALED FROM SCOTT CIRCUIT COURT.

February 2, 1867.

Opinion of the Court by Judge Hardin:

Orlando Tomlinson, Robert W. Sebree, and William B. Newton being (with others) in custody, charged with the crime of robbery and grand larceny, were severally admitted to bail by an inquiring court for their appearance in answer to said charges in the Scott Circuit Court, as its May term, 1864; Tomlinson in the sum of $300, for which Elijah Tomlinson gave bond as his bail; Sebree in the sum of $500, for which R. B. Sebree gave bond as his bail; and Newton in the sum of $300, for which B. S. Newton gave bond as his bail.

At the May term, 1864, of the Scott Circuit Court, two indictments for robbery were found against said Orlando Tomlinson, Robert W. Sebree, W. B. Newton, and others, and the court fixed the bail of each defendant in each case at $500.

Tomlinson appeared with the appellant Elijah Tomlinson, his bail, who entered into a recognizance in the sum of $1,000 for the appearance of said Orlando Tomlinson at the next November term of the court, etc.

At a subsequent day of the same term the following order was made:

> "This day came the Commonwealth's attorney, and the defendants failing to appear in pursuance of their bail bonds, it is ordered that their bail bonds be forfeited, and that summons issue thereon against Alvin Carr, B. S. Newton, Elijah Tomlinson *et al.,* their sureties, and this cause is continued."

A like order of forfeiture was made directing summons to be issued against the bail of Sebree and others.

At the November term, 1864, upon the return of the summons as to Elijah Tomlinson, R. B. Sebree, and B. S. Newton, judgments were rendered against them severally for the sums expressed in said bail bonds given before the inquiry court, from which judgments they prosecute these appeals.

It is insisted for Tomlinson that the appearance of Orlando Tomlinson, and the acceptance of the recognizance in $1,000 for his appearance at the November term, discharged his former bail bond, and for the other appellants the judgments are complained of on the ground that, as they contended, the acceptance of bail for the appearance of Tomlinson and the awarding of bench warrants against Sebree and Newton operated as a continuance of the prosecutions as to all the defendants, and that it was erroneous afterward to order the forfeiture of their bonds; they also complain that the record does not show that the defendants were called before the orders of forfeiture were entered.

1. As to Tomlinson's case, we are of the opinion that the appearance and acceptance of the recognizance in court discharged the former bail bond and, therefore, the judgment against Elijah Tomlinson was erroneous.

2. But we perceive no available error in the other judgments appealed from. As it was the duty of the defendants to be present in court and take notice of steps taken in the causes, and as the record does not show that they appeared or objected to the order of forfeiture at any time in the court below, we cannot assume that the order was erroneous, because it does not recite that the defendants were called.

Nor do we consider the acceptance of the recognizance of Tom-

linson and the awarding of the bench warrants against Sebree and Newton as a continuance as to them.

Wherefore, the judgment appealed from by Tomlinson is reversed, and those appealed from by Sebree and Newton are each affirmed.

*Polk,* for Appellants.